[No. 4,013.]

IN THE MATTER OF THE GUARDIANSHIP OF W. T. AND G. P. SWIFT.

REMOVAL OF GUARDIAN OF AN ESTATE.---A father who, as guardian of his minor children, is in receipt of an annual income of two thousand dollars from their property, and who refuses through a period of several years to provide for their support and education, is not a suitable person to have the management of their estate, and should be removed from his guardianship.

APPEAL from the Probate Court of Solano County.

This was a proceeding to compel the guardian of the estate of W. T. and G. P. Swift, minors, to account for his

transactions, and to remove him from the office of guardian. It did not appear that the guardian had squandered the income of his wards, or that he was insolvent. After a hearing of the cause, the Court made an order removing the guardian, and he appealed.

The other facts are stated by the Court.

*Wells & Coghlan*, for Appellant, argued, that the proceeding was under sections 1,771 and 1,801 of the Code of Civil Procedure, and that the Court had no jurisdiction to remove the guardian, but should merely have made an allowance of accounts for the support of the children as the guardian was liable on his bond, and cited *Swift* v. *Swift*, 40 Cal. 458.

*Curry & Evans*, for Respondent, argued, that *Swift* v. *Swift*, 40 Cal. 458, did not apply, as this was simply a proceeding to remove the guardian because he was an unsuitable person, and neglected and refused to apply the income of the wards to their support.

By the COURT:

The Court below removed the appellant from the guardianship of the estate of his two minor sons, on the ground that he "is unsuitable to be guardian of such estates, because of continued failure on his part to perform the duties imposed by law upon him as such guardian; that is to say, by his continued failure and refusal to apply the income and rents derived from the estates of said minors as necessary for the comfortable and suitable maintenance and support of said minors, and each of them, and for abuse of his trust by such failure and refusal." The children are under the care of their mother, to whom their custody was awarded by the Court on her obtaining a divorce from the appellant; and it appears from the findings that for several years past she has been compelled to support them out of her own means, on account of the continued refusal of their guardian to defray their necessary expenses out of the

annual income of $2,000, derived from their estate. We agree with the Court below, that a father, who, as guardian of his minor children, is in receipt of an annual income of $2,000 from their property, and who persistently refuses, through a period of several years, to provide for their support and education, is not a suitable person to have the management of their estate.

Order affirmed.   Remittitur forthwith.